UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DARREN DRISCOLL, <br> Plaintiff | ) <br> ) <br> ) | **05 11327 PBS** |
| v. | ) <br> ) | CIVIL No. 03- 10260 PBS |
| UNITED STATES OF AMERICA, <br> Defendant. | ) <br> ) <br> ) <br> ) | MAGISTRATE JUDGE MBB |

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Plaintiff, Darren Driscoll, respectfully moves that this Honorable Court correct his sentence, pursuant to 28 U.S.C. § 2255. As grounds for this Motion, the Plaintiff states as follows:

1. On February 9, 2005, this Court sentenced Mr. Driscoll to 41 months imprisonment and 36 months supervised release, having accepted Mr. Driscoll's plea of guilty to Count I of the Government's complaint. Memorandum of Sentencing Hearing ¶5.

2. On August 19, 2004, Mr. Driscoll pled guilty to the one-count Information, but did not plead guilty to the notice of additional factors which suggested a higher level of points for Mr. Driscoll on account of Mr. Driscoll's alleged organizing role in the offense and the weight of the drugs the Government believes he is accountable for. PSR ¶ 10.

3. Pursuant to U.S.S.G. § 2D1.1 (c)(8), since the amount of marijuana is more than 80 kilograms, but less than 100 kilograms, the base offense level is 24. PSR¶41.

4. A three level reduction has been applied pursuant to U.S.S.G. § 3E1.1(a) and (b), since Mr. Driscoll has accepted responsibility for his actions. PSR ¶48.

1

5. On February 1, 2005, Docket No. 9460CR0165 was vacated from Wareham District Court. The offense involved possession of a class D substance. The conviction having been vacated, Mr. Driscoll's criminal history point level was reduced by one point, from three points down to two points.

6. At sentencing Mr. Driscoll had 2 points on his criminal history record, placing him in category II. The first was from Stoughton District Court for operating a motor vehicle without a license, Docket No. 9755CR000434. This matter was vacated on June 14, 2005.

7. The second point was from Falmouth District Court for possession of a class D substance, Docket No. 9989CR0299A, which still stands. This currently leaves Mr. Driscoll with only one criminal history point.

8. The two convictions that were vacated on Mr. Driscoll's Motion were based on the fact that he did not voluntarily or understandingly enter his guilty plea and that he did not truly understand the consequences of pleading guilty. Attached please find both of the allowed Motions to Vacate.

9. The Memorandum of Sentencing currently indicates a total of 21 criminal offense points. Memorandum of Sentencing Hearing ¶ 3. 21 points will require a sentence of 37-46 months.

10. With one of the two criminal history points Mr. Driscoll had on his record at sentencing having been vacated, his point level and sentence should be re-evaluated accordingly.

11. Mr. Driscoll's current number of criminal offense points, paired with his criminal history points, should require a sentence of 30-37 months.

12. For the reasons set forth above, Mr. Driscoll contends that this Honorable Court should schedule a hearing so that he may be re-sentenced. (Mr. Driscoll is currently incarcerated at FCI Fort Dix, NJ).

Darren Driscoll<br>
By his attorney,<br><br>
_____<br>
Lawrence Novak<br>
235 Candy Lane<br>
Brockton, MA 02301<br>
BBO# 548589

Dated: 6·23·05

## CERTIFICATE OF SERVICE

I, Lawrence P. Novak, hereby certify that a true copy of the above document was served by delivery upon Assistant United States Attorney William Weinreb via hand delivery, on this ____23____ day of ____June____, 2005.

_____
Lawrence P. Novak, Esq.

3