# LAWRENCE P. NOVAK, P.C.

## ATTORNEY AND COUNSELOR AT LAW

235 CANDY LANE
BROCKTON, MASSACHUSETTS 02301

TEL. (508) 587-8400
TEL. (866) 398-8400
FAX. (508) 588-8042
E-MAIL ADDRESS: Larrynovak@comcast.net

July 14, 2005

Clerk of the Court
United States District Court
The District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Re:   United States v. Darren Driscoll
      Civil No. 05 CV 11327 PBS

Sir/Madam:

Enclosed please find true and attested copies of the allowed Motions to Vacate

and true and attested copies of the docket entry sheets reflecting the allowed Motions to

Vacate for Docket No. 9755CR000434 from Stoughton District Court and Docket No.

9460CR0165 from Wareham District Court. If you have any questions please contact my

office.

Sincerely,

Lawrence Novak
Attorney and Counselor at Law

LPN/mcp

Enclosure

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

STOUGHTON DISTRICT COURT
DOCKET NO. 9755CR000434

COMMONWEALTH

v.

DARREN DRISCOLL

MOTION TO VACATE WITH
CONVICTIONS

**NOW COMES** the defendant in the above captioned matter, Darren Driscoll, and moves this Honorable Court, pursuant to Massachusetts General Laws Chapter 278 & 29D, and Rule 30 of the Massachusetts Rules of Criminal Procedure to vacate the judgment and permit the defendant to withdraw his admission of guilt. Rule 30 is an appropriate vehicle for withdrawing an allegedly involuntary guilty plea. Commonwealth v. Conagham, 48 Mass App. Ct. 304 (1999).

As grounds supporting this request, the defendant challenges the voluntary and intelligent nature of the guilty plea, which was not entered understandingly and voluntarily. The defendant had no knowledge of the elements of the charges against him. Further, the defendant did not receive a true understanding of the consequences he faced when he pled guilty.

In addition, the Judge failed to determine that the defendant understood that he was giving his right to a trial by jury and also to a bench trial. The defendant was also unaware that he was not only waiving his right to trial, but that the defendant also failed to determine and understand that he was also waiving his privilege not to incriminate himself. Without this required understanding of the colloquy, a withdrawal of his guilty plea should be granted due to the lack of voluntariness of the plea. Commonwealth v. Fernandes, 290 Mass. 714 (1984)

For the reasons stated above, and those in the supporting affidavit, the defendant's motion should be allowed.

Respectfully submitted,
DARREN DRISCOLL
By his attorney

Lawrence P. Novak
BBO# 548589
235 Candy Lane
Brockton, MA 02301

6/14/05
ALLOWED O'Neill.

Date: April 4, 2005

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS 13 DAY OF July , 2005

CLERK MAGISTRATE
ASSISTANT CLERK

## CERTIFICATE OF SERVICE

I, Lawrence P. Novak, counsel for Darren Driscoll in the within matter, hereby certify that on this date I have forwarded a true and correct copy of the enclosed materials to interested parties as follows:

First class mail/Postage prepaid on this 4th day of April, 2005.

Lawrence P. Novak
BBO# 548589
235 Candy Lane
Brockton, MA 02301
(508) 587-8400

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AN: SEAL THIS _13_ DAY OF _July_, _2005_

~~CLERK MAGISTRATE~~
ASSISTANT CLERK

COMMONWEALTH OF MASSACHUSETTS

COMMONWEALTH

v.                                              AFFIDAVIT OF DARREN DRISCOLL

DARREN DRISCOLL

I, Darren Driscoll, do state that the following is a true and accurate statement of fact:

1.    I am currently incarcerated at Barnstable County Correctional in Bourne, Massachusetts.

2.    For the following reasons, I request an opportunity to retract my guilty pleas. My attorney informed me that he had arranged a plea bargain agreement that lowered the charges brought against me in the complaint. I was to admit to sufficient facts and the judge would enter a guilty finding.

3.    My attorney failed to explain the future consequences to pleading guilty. In addition, he promised me that when a suspended sentence was imposed, the record would be expunged after a reasonable time. I do not believe that he diligently and effectively represented my interests.

4.    I followed my attorney's advice and made the admissions. I was found guilty and sentenced.

5.    The sentencing judge never asked me whether I understood that I was giving up my right to a trial at which I could be acquitted unless the prosecutor proved my guilt beyond a reasonable doubt.

6.    The judge also never asked whether I understood that by admitting guilt, I was giving up my right to have my attorney cross-examine the Commonwealth's witness and my right to remain silent without it being held against me.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

_____                    _/-/9-0_____        I HEREBY CERTIFY THAT THIS IS A TRUE
Darren Driscoll                            Date                     COPY, GIVEN UNDER MY HAND AND SEAL
                                                                    THIS   13 DAY OF July  2005

                                                                    _____
                                                                    CLERK MAGISTRATE
                                                                    ASSISTANT CLERK

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.

Stoughton District Court
Docket No. 9755CR000434

COMMONWEALTH

v.

DARREN DRISCOLL
Defendant

## NOTICE OF APPEARANCE

       Please notice the appearance of Lawrence P. Novak, as Counsel for Defendant in the above-captioned matter.

Respectfully Submitted,
Darren Driscoll
By his Attorney,

Lawrence P. Novak
BBO# 548589
235 Candy Lane
Brockton, MA 02301
(508) 587-8400

Dated: April 4, 2005

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS    /3 DAY OF July    2005

CLERK-MAGISTRATE
ASSISTANT CLERK

**CRIMINAL DOCKET**

DOCKET NO. **9755CR000434**

ATTORNEY NAME: *W. Shany*

| COURT DIVISION | INTERPRETER REQUIRED | DATE and JUDGE | DOCKET ENTRY |
|---|---|---|---|
| Stoughton | ☐ | | |

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**

DRISCOLL, DARREN P.
POST OFFICE BOX 492

BUZZARDS BAY, MA 02532

DATE and JUDGE: *3-17-97 Moriarty*

DOCKET ENTRY:
- ☐ Attorney appointed (SJC R. 3:10)
- ☐ Atty denied and Deft Advised per 211D §2A
- ☐ Waiver of counsel found after colloquy

Terms of release set:
- ☐ PR  ☐ BAIL:
- ☐ Held (276 §58A)
- ☐ See back for special conditions

*3-17-97 Moriarty*

Arraigned and advised:
- ☐ Potential of bail revocation (276 §58)
- ☐ Right to bail review (276 §58)
- ☐ Right to drug exam (111E §10)

Advised of right to jury trial:
- ☐ Does not waive
- ☐ Waiver of jury trial found after colloquy

| DEFT. DOB AND SEX | OFFENSE CODE(S) |
|---|---|
| 09/04/1970  M | |

| DATE OF OFFENSE(S) | PLACE OF OFFENSE(S) |
|---|---|
| 12/06/1996 | AVON |

| COMPLAINANT | POLICE DEPARTMENT (if applicable) |
|---|---|
| PHILLIPS, WARREN | AVON PD |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 02/24/1997 | 03/17/1997 08:30:00 |

Advised of trial rights as pro se (Supp. R. 4)
Advised of right of appeal to Appeals Ct (R. 28)

COUNT/OFFENSE
1. 90/23/F LICENSE SUSPENDED FOR OUI, OPER MV WITH

COSTS: 1000.

DISPOSITION DATE and JUDGE: 6-6-97 O'Neil

DISPOSITION METHOD:
- ☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

FINDING:
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION:
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation    ☐ Pretrial Probation (276 §87) - until:
- ☑ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other: ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION:
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged

*6/5/98 "dismiss as to for OUI" pd-10 prob 8-6-97 pay xus 8/6/97*

JUDGE: 8861A005 08/08/97COST  DATE 1000.00

COUNT/OFFENSE

DISPOSITION DATE and JUDGE: 7/8/05 Cummin

*Defs mot to Dismiss allowed*

(remaining count sections blank)

I HEREBY CERTIFY THAT THIS IS A TRUE COPY GIVEN UNDER MY HAND AND SEAL THIS 13 DAY OF July 2005
CLERK MAGISTRATE
ASSISTANT CLERK

| COURT ADDRESS |
|---|
| Stoughton District Court |
| 1288 Central Street |
| Stoughton, MA 02072 |

A TRUE COPY ATTEST: X   CLERK-MAGISTRATE/ASST. CLERK   ON (DATE)

DOCKET NUMBER: **9755CR000434**   NAME: **DRISCOLL, DARREN P.**

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | TAPE NO. | START |
|---|---|---|---|---|---|---|---|
| 1 | 4-22-97 | P.T.H | ☐ Held  ☐ Cont'd | | | | |
| 2 | 5-8-97 | PTH | ☐ Held  ☐ Cont'd | | | | |
| 3 | 6-6-97 | P-T.H | ☐ Held  ☐ Cont'd | | | | |
| 4 | 8-6-97 | S.F. | ☐ Held  ☐ Cont'd | | | | |
| 5 | 6-5-98 | disp | ☐ Held  ☐ Cont'd | | | | |
| 6 | 4-20-05 | Motion | ☐ Held  ☐ Cont'd | | | | |
| 7 | 5-6-05 | motion | ☐ Held  ☐ Cont'd | office | | | |
| 8 | 5/30/05 | Status | ☐ Held  ☐ Cont'd | moving parties | | | |
| 9 | | of Motion | ☐ Held  ☐ Cont'd | notice recall Judge James O'Neil | | | |
| 10 | | | ☐ Held  ☐ Cont'd | | | | |

ARR=Arraignment   PT=Pretrial hearing   CE=Discovery compliance and jury election   T=Bench trial   PC=Probable cause hearing   M=motion hearing   SR=Status review
SRP=Status review of payments   FA=First appearance in jury session   S=Sentencing   CW=Continuance-without-finding scheduled to terminate   P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted   WAR=Warrant issued   WARD=Default warrant issued   WR=Warrant or default warrant recalled   PR=probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 4/22/97 | DFTA  WARD    **NOTIFIED RMV**  RECALLED/CANCELLED 4-25-97 |
| 4/25/97 | Def removed    **NOTIFIED RMV** |
| 6-6-97 | **NOTIFIED RMV**                                    6-14-05 |
| 4-06-05 | FILED MOTION TO VACATE WITH CONVICTIONS AND WITHDRAW CONVICTION (allowed |
| | CERTIFICATE OF SERVICE                           J O'Neil) |
| | NOTICE OF APPEARNCE - Atty Lawrence Novak |
| | AFFIDAVIT |
| | SCHEDULED FOR APRIL 20, 2005 @ 9:00 A.M. |
| 4-20-05 | Cont 5-6-05 Motion |
| 5-2005 | Contacted Judge O'Neill - FORWARD copies + wait for Response. |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | WAIVED |
|---|---|---|---|---|
| | Legal Counsel Fee (211D §2A ¶2) | | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | I HEREBY CERTIFY THAT THIS IS A TRUE | |
| | OUI §24D Fee (90 §24D ¶9) | | COPY, GIVEN UNDER MY HAND AND SEAL THIS ___ 13 DAY OF July 2005 | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | CLERK MAGISTRATE  ASSISTANT CLERK | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |
| | | | | |
| | | | | |

DOCKET NUMBER: 9755CR000434    NAME: DRISCOLL, DARREN P.

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|
| 1 | 6-14-05 | MOTION | ☐ Held | ☐ Cont'd | AT ORLEANS COURT | | | |
| 2 | 6-29-05 | STATUS | ☐ Held | ☐ Cont'd | OF CASE per M. PETRUCCI | | | |
| 3 | 7-8-05 | " | ☐ Held | ☐ Cont'd | | | | |
| 4 | | | ☐ Held | ☐ Cont'd | | | | |
| 5 | | | ☐ Held | ☐ Cont'd | | | | |
| 6 | | | ☐ Held | ☐ Cont'd | | | | |
| 7 | | | ☐ Held | ☐ Cont'd | | | | |
| 8 | | | ☐ Held | ☐ Cont'd | | | | |
| 9 | | | ☐ Held | ☐ Cont'd | | | | |
| 10 | | | ☐ Held | ☐ Cont'd | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 5-24-05 | DOCUMENTS MAIL TO JUDGE JAMES O'NEILL. |
| 6-8-05 | Info. faxed to Regional Office Re: scheduling date for Judge O'Neill |
| 6-9-05 | Date Confirmed: Tuesday, June 14, 2005 9AM at Orleans Dist. Court Motion to be heard before Judge James O'Neill Notices sent to all parties |
| 6-14-05 | Motion allowed. Judge O'Neill |
| 6-14-05 | Filed at Orleans Dist. Court Affidavit of Darren Driscoll Atty. Novak handed copy of decision at Orleans Court. Stoughton Court to give copy to DAs Office |
| 6-16-05 | Restore to trial list, put on list for 6-29-05 per M. Petrucci, asst Clerk |
| 6-29-05 | Atty Novack does not appear |

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS 13 DAY OF July 2005

~~CLERK MAGISTRATE~~

ASSISTANT CLERK

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

WAREHAM DISTRICT COURT
DOCKET NO. 9460CR0165A

COMMONWEALTH

v.

DARREN DRISCOLL

MOTION TO VACATE
WITHDRAW OF GUILTY PLEA

**NOW COMES** the defendant in the above captioned matter, Darren Driscoll, and moves this Honorable Court, pursuant to Massachusetts General Laws Chapter 278 & 29D, and Rule 30 of the Massachusetts Rules of Criminal Procedure to vacate the judgment and permit the defendant to withdraw his admission of guilt. Rule 30 is an appropriate vehicle for withdrawing an allegedly involuntary guilty plea. Commonwealth v. Conagham, 48 Mass App. Ct. 304 (1999).

As grounds supporting this request, the defendant challenges the voluntary and intelligent nature of the guilty plea, which was not entered understandingly and voluntarily. The defendant had no knowledge of the elements of the charges against him. Further, the defendant did not receive a true understanding of the consequences he faced when he pled guilty.

In addition, the Judge failed to determine that the defendant understood that he was giving his right to a trial by jury and also to a bench trial. The defendant was also unaware that he was not only waiving his right to trial, but that the defendant also failed to determine and understand that he was also waiving his privilege not to incriminate himself. Without this required understanding of the colloquy, a withdrawal of his guilty plea should be granted due to the lack of voluntariness of the plea. Commonwealth v. Fernandes, 290 Mass. 714 (1984)

For the reasons stated above, and those in the supporting affidavit, the defendant's motion should be allowed.

2/1/05

After hearing motion
is allowed
(John J)

Date: January 14, 2005

Respectfully submitted,
DARREN DRISCOLL
By his attorney

Lawrence P. Novak
BBO# 548589
235 Candy Lane
Brockton, MA 02301

A TRUE COPY ATTEST

CLERK MAGISTRATE
WAREHAM DIVISION
DISTRICT COURT DEPT.

RECEIVED
JAN 25 2005
DISTRICT COURT DEPT.

# DOCKET

| | DOCKET NUMBER | ATTORNEY NAME |
|---|---|---|
| | 94-CR-0165 | ☐ Waived ☐ Retained ☑ Assigned |

**COURT DIVISION**
Wareham

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**
Darren P. Driscoll
299 Charge Pond Rd.,
Wareham, MA

**TERMS OF RELEASE**

| DATE | PROCEEDING |
|---|---|
| 1/20/94 | ☑ Arraigned before J. Marceau |
| | ☑ Advised of right to counsel |
| | ☐ Advised of right to drug exam |
| 6-7-94 | ☐ Advised of right to bail review |
| | ☑ Advised of right to F.I. Jury Trial |
| | ☑ Waives    ☐ Requests F.I. Jury Trial |
| | ☐ Advised of alien rights |
| 8/23/94 | ☐ Warrant issued  X Default warrant issued |
| | ☐ Default removed  ☐ Warrant recalled |
| | ☐ Warrant issued    ☐ Default warrant issued |
| 12/27/94 | ☑ Default removed  X Warrant recalled |

**DEF. DOB AND SEX**
09/04/197_  M

**OFFENSE CODE(S)**
320  140

**DATE OF OFFENSE**
01/20/94

**PLACE OF OFFENSE**
Wareham

**COMPLAINANT**
D.L. Bruce

**POLICE DEPARTMENT (if applicable)**
S. Yarmouth SP/Fou__

**DATE OF COMPLAINT**
01/21/94

**RETURN DATE AND TIME**
arrest

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|
| A. ILLEGAL POSS. OF CLASS D SUBSTANCE C94C S34 (M) | 200 | 50. | | $250- |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| 1/20/94 6-07/94 | ☑ Not Guilty  Guilty  Nolo New Plea: ☑ Admits suff. facts | 6562A000 Prob. 6-06-95 No Supervision |

FINDING   /   JUDGE
Shultz   Clancy

Cont. w/o finding until:
Appeal of find. & disp.   Appeal of disp.

FINAL DISPOSITION   DATE
X Discharged from probation   No life
☐ Dismissed at request of probation   June 06-95

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty  Guilty  Nolo New Plea: ☐ Admits suff. facts | 6700A000 11/06/95 |

FINDING   JUDGE

Cont. w/o finding until:
Appeal of find. & disp.   Appeal of disp.

FINAL DISPOSITION   DATE
☐ Discharged from probation
☐ Dismissed at request of probation

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty  Guilty  Nolo New Plea: ☐ Admits suff. facts | 6700A000FINE01/06SUR |

FINDING   JUDGE

Cont. w/o finding until:
Appeal of find. & disp.   Appeal of disp.

FINAL DISPOSITION   DATE
☐ Discharged from probation
☐ Dismissed at request of probation

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty  Guilty  Nolo New Plea: ☐ Admits suff. facts | A TRUE ATTEST |

FINDING   JUDGE

CLERK MAGISTRATE
_____
DISTRICT COURT DEPT.

Cont. w/o finding until
Appeal of find. & disp.   Appeal of disp.

FINAL DISPOSITION   DATE
☐ Discharged from probation
☐ Dismissed at request of probation

| CONT TO | PURPOSE | CONT TO | PURPOSE | DATE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|
| 3/4/94 | OTH aok | 8-5-94 | Payr | | | | |
| 4/12/94 | PYTH | 8/23/94 | Pmt | | | | |
| 6-07-94 | PC | 1/3/95 | Pmt | | | | |