UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DARREN DRISCOLL | ) | |
| | ) | |
| v. | ) | CIVIL NO. 05-11327-PBS |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

The United States, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant U.S. Attorney William D. Weinreb, respectfully submits this response to Darren Driscoll's motion to vacate, set aside or correct his sentence.

BACKGROUND

On August 19, 2004, Darren Driscoll pleaded guilty to a superseding information charging him with one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. At a February 9, 2005, sentencing hearing, the Court determined that Driscoll's Total Offense Level was 21 and His Criminal History Category was II, yielding a sentencing range of 41-51 months' imprisonment. The Court then sentenced Driscoll to 41 months' imprisonment to be followed by 36 months' supervised release.

On June 14, 2005, one of Driscoll's prior convictions was vacated. Commonwealth v. Darren Driscoll, No. 9755-CR-0434 (Stoughton Dist. Ct.). As a result, if Driscoll were to be sentenced today, he would have only one criminal history point, and his Criminal History Category would therefore be I instead of II. Moreover, because Driscoll's second criminal history point

is the only thing that made him ineligible for the Safety Valve,
if he were to be sentenced today, his Total Offense Level would
be 19 instead of 21.  See USSG §2D1.1(b)(7).  A Total Offense
Level of 19 and Criminal History Category of I yield a sentencing
range of 30-37 months.

### ARGUMENT

Driscoll has now moved under 28 U.S.C. § 2255 to vacate, set
aside, or correct his sentence.  He does not argue that his
sentence was unconstitutional, unlawful, or incorrect at the time
it was imposed; he instead contends that the vacatur of one of
his prior convictions warrants both recalculation of his
guidelines sentencing range and resentencing under that new
range.

The government does not oppose Driscoll's motion because his
case is materially indistinguishable from Mateo v. United States,
398 F.3d 126 (1st Cir. 2005).  Like Driscoll, the petitioner in
Mateo filed a section 2255 motion seeking resentencing after he
succeeded in having one of his prior state court convictions
vacated.  In holding that the section 2255 motion was properly
granted under the circumstances, the First Circuit stated that
"it is immaterial that the relief sought, based on the subsequent
state court orders, came after [movant's] original and, when
pronounced, perfectly correct, federal sentence.  Id. at 134-35 &
nn.6-8.

Because the Court's sentencing decision in this case was

influenced at least in part by its calculation of the applicable sentencing guidelines range, the government agrees with Driscoll that a resentencing hearing is required by <u>Mateo</u>.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

<u>/s/ William Weinreb</u>
By: WILLIAM D. WEINREB
    Assistant U.S. Attorney